Burton, J.,
delivered the opinion of the court.
This was an action brought by the defendant in •error, against the plaintiff in error, for work and labor done.
The plaintiff, being within twenty-one years of age, sued by his next friend, one Robert T. Dabbs.
The suit was commenced before a magistrate, and resulted in a judgment in favor of the plaintiff. The defendant appealed to the circuit court. While the *19 suit was pending in that court, it, together with another case, was submitted to the arbitrament of N. Tracy and Thomas Whitworth, who returned into court an award that the plaintiff recover of the defendant $150, which award was made the judgment of the ■court. From this judgment the defendant has appealed in error to this court.
We have considered the objections made by the plaintiff in error, and are content to say, without discussing them, that we see no valid objection to the judgment or to the award. And we think proper in this case to allow the judgment to be affirmed, inasmuch as no appeal is prayed on behalf of the minor.
But we think the occasion a proper one, and avail ourselves of it, to express our views upon an important question of practice; viz., as to the power of a next friend to submit the case of a minor, pending in a court of law, to the arbitrament of private persons. We do not assent to the proposition that, either under our statute or by the common law practice of the courts, a next friend has the right to submit the case of an infant plaintiff to arbitration. In a modern case referred by parol agreement, in which an infant (by his prochein ami) was plaintiff, it was held to be quite clear that the infant was not bound by the award, and that if he would not perform it the defendant should be at liberty to carry down the record for trial. Watson on Arbitration and Awards, top paging 55, 56.
A prochein ami is one admitted by the court to prosecute for an infant, because otherwise the infant *20 might be prejudiced by the refusal or neglect of his guardian. He is but a species of attorney, who may prosecute a right for an infant, but can do nothing to operate to his injury, and therefore can not release or compromise a suit prosecuted on his behalf. The court may control him, as well as a guardian ad litem, and should permit or direct what is most for the interest of the infant. Tidd’s Practice, p. 100, note. It is the duty of the court of chancery to protect the interest of parties under disability, and to supervise and control the action of next friends and guardians ad litem; and it will not suffer any agreement or consent of these representatives to prejudice the rights of the wards of the court.
In reason, there can be no difference between the power of a next friend and of a guardian ad litem. The one is permitted by the court to prosecute on behalf, and in the name, of an infant plaintiff, and the other is appointed by the court to defend the suit of an infant defendant. In Hannum v. Wallace, 9 Hum., 129, the court expressly decided that neither a minor, nor a guardian ad litem for him, had any power to submit a suit of the minor to arbitration. The court further said, that the guardian ad litem is to defend' the suit in the court from which he derives his authority, according to the rule and principles of law applicable to the case, as administered in that tribunal, and in conformity with the ordinary mode of trial and practice of the court in similar cases; and that it is not within the scope of his authority or duty to change the tribunal for the trial, or to consent that the de- *21 cisión shall be upon principles other than those applicable to like cases in the forum in which the suit is pending; — that this special and restricted power admits of the exercise of no such discretion.
The submission was held unauthorized and void, and it was further held that the circuit court erred in rendering judgment on the award.
That case was a suit in regard to real proprerty; but so far as I can see, the reasoning is just as' applicable to a controversy about personal property. In 6 Barn. & Cress., 225, it was decided, that where a suit in chancery to which the infants were plaintiffs was submitted to arbitration with the consent of their regular solicitors, the award was not binding, either on the infant or their solicitors, at least during the infancy of the parties; and this was so decided although the submission was made by order of the Vice-Chancellor in a chancery suit' pending before him. Watson on Arbitration and Awards, 56.
If a next friend can not submit an infant’s case to arbitration, according to the common law practice of the courts, it is even plainer to us that he derives no authority to do so from the provisions of the Code. By these provisions, causes of action can be submitted to arbitration by any party in interest, or by an executor, administrator, guardian, trustee, or assignee for creditors. Code, secs. 3432, 3433.
It is obvious that a next friend does not fall within either of the classes above mentioned. And we think that when the Legislature has carefully enumerated the persons acting en autre droit who may *22 make a submission, tbe strongest implication arises that persons not falling within the category can not make it. JExpressio unius est exolusio alterius.
"We do not think that it is competent, at least for the courts of law, ever to direct a submission to arbitration of an infant’s case, when prosecuted by a next friend. They should retain the case, and see to it that his rights are determined according to law, and by the legally constituted tribunals.